UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MATTHEW FARRELL,

                                     Plaintiff,

            -against-

THE CITY OF NEW YORK, DETECTIVE IDRIS MOJEED, DETECTIVE DOUGLAS CORSO, Shield No. 4824, DETECTIVE CHARLES STEWART, Shield No. 2387, DETECTIVE WIGGAN, SERGEANT HEALY, and NEW YORK CITY POLICE OFFICERS JOHN DOES # 1-10 (names and number of whom are unknown at present), and other unidentified members of the New York City Police Department,

                                     Defendants.

------------------------------------------------------------------------ X

**11 CV 1140 (RJD) (MDG)**

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

# **PRELIMINARY STATEMENT**

        1.    This is a civil rights action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff, while lawfully walking home from the laundry-mat in the vicinity of 423 Baltic Street, County of Kings, City and State of New York, was subject to an unconstitutional arrest, search, and strip search by New York City police officers. Plaintiff was deprived of his constitutional and common law rights when the individual defendants unlawfully confined plaintiff, and caused the unjustifiable search and arrest of plaintiff.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5. Plaintiff Matthew Farrell is a citizen of the United States and a resident of Kings County, City and State of New York.

6. The individually named defendants, were and are at all times relevant herein officers, employees, and agents of the New York City Police Department.

7. The individually named defendants are being sued in their individual capacity and official capacity.

8. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and

engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

9. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

10. On January 10, 2011 at approximately 10:45 a.m., plaintiff Matthew Farrell, was lawfully walking home from the laundry-mat in the vicinity of 423 Baltic Street in the County Kings, City and State of New York.

11. As plaintiff was walking he suddenly heard the defendants shout "shoot him."

12. Plaintiff turned around quickly and saw defendants pointing a gun at him.

13. Thereafter, plaintiff immediately laid his body face down on the ground.

14. Defendants approached plaintiff and handcuffed him.

15. Defendants kept their guns trained on plaintiff while plaintiff was handcuffed.

16. Plaintiff did not commit any crime prior to being seized by the individually named defendants.

17. Plaintiff did not engage in any behavior that was suspicious prior to being seized by defendants.

18. Defendants lacked probable cause and reasonable suspicion to seize plaintiff.

19. Defendants proceeded to search plaintiff, including but not limited to forcing plaintiff to take off his shoes and socks.

20. Defendants lacked probable cause and reasonable suspicion to search plaintiff.

21. Defendants did not find any drugs, contraband or weapons on plaintiff.

22. Plaintiff was taken to a black van.

23. The individually named defendant officers searched plaintiff again, without probable cause or reasonable suspicion, forcefully grabbed plaintiff's genitals, and felt plaintiff's buttocks.

24. Plaintiff was then placed in the van and transported to the 76th Precinct stationhouse.

25. Upon arriving at the 76th Precinct stationhouse, plaintiff was brought to a bathroom and was strip-searched by defendant police officers.

26. The defendant police officers lacked probable cause and/or reasonable suspicion to believe that plaintiff was hiding any drugs, weapons, or other contraband.

27. The police officers did not find any drugs, weapons or other contraband on plaintiff.

28. Plaintiff was placed in a holding cell and fingerprinted.

29. On January 10, 2011 at approximately 5:00 p.m. plaintiff was transported to Kings County Central Booking.

30. Upon hearing the defendant police officers explanation for arresting plaintiff, the Kings County District Attorney's Office declined to prosecute plaintiff.

31. Plaintiff was released from Kings County Central Booking at approximately 12:00 a.m. on January 11, 2011.

32. The false arrest, false imprisonment, unconstitutional searches, and unconstitutional strip searches of plaintiff by the individually named defendants caused plaintiff to sustain psychological and emotional trauma.

33. As a result of defendant City of New York and the New York City Police Department's deliberate indifference about the fact that New York City Police Officers routinely conduct strip searches without reasonable suspicion and/or probable cause, there is a pattern, policy, custom or practice of New York City Police Officers strip searching individuals without a factual basis supporting a legal reason to do so.

34. A notice of claim was timely served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

## FIRST CAUSE OF ACTION

## Violation of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights

35. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 34 with the same force and effect as if more fully set forth at length herein.

36. Defendant Police Officers who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned, searched and strip searched, without probable cause in violation of plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

## False Arrest

37. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 36 with the same force and effect as if more fully set forth at length herein.

38. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York and under the Fourth Amendment to the United States Constitution. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

39. Defendant Police Officers were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

40. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

41. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## THIRD CAUSE OF ACTION

## Negligent Hiring, Retention, Training and Supervision

42. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 41 with the same force and effect as if more fully set forth at length herein.

43. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendant Police Officers, individuals who were unfit for the performance of police duties on January 10, 2011, at the aforementioned location.

44. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FOURTH CAUSE OF ACTION

## Failure to Intervene

45. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 44 with the same force and effect as if more fully set forth at length herein.

46. Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

47. Defendants failed to intervene to prevent the unlawful conduct described herein.

48. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subject to other physical constraints.

49. Defendant Police Officers were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

50. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior

51. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## FIFTH CAUSE OF ACTION

### Negligence

52. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 51 with the same force and effect as if more fully set forth at length herein.

53. Defendants owed a duty of care to plaintiff.

54. Defendants breached that duty of care by falsely arresting plaintiff.

55. As a direct and proximate cause of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

56. All of the foregoing occurred without any fault or provocation by plaintiff.

57. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

58. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SIXTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

59. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 58 with the same force and effect as if more fully set forth at length herein.

60. By the actions described herein, defendant Police Officers, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiff, Matthew Farrell. The acts and conduct of the defendants were the direct and

proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

61. As a result of the foregoing, plaintiff was deprived of liberty and sustained great emotional injuries.

62. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

63. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SEVENTH CAUSE OF ACTION

### Unlawful Search

64. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 63 with the same force and effect as if more fully set forth at length herein.

65. The illegal approaches, pursuit, stop and search employed by defendants herein terminated plaintiff Matthew Farrell's freedom of movement through means intentionally applied.

66. As a result of the aforementioned conduct of defendants, plaintiff Matthew Farrell sustained injuries.

## EIGHTH CAUSE OF ACTION

### Unlawful Strip Search

67. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 66 with the same force and effect as if more fully set forth at length herein.

68. Defendants without an individualized reasonable suspicion that plaintiff was concealing weapons or other contraband based on a crime charged, the particular characteristics of the arrestee, and/or the circumstances of the arrest searched plaintiff.

69. As a result of the aforementioned conduct of defendants, plaintiff Matthew Farrell sustained injuries.

## SEVENTH CAUSE OF ACTION

## Municipal Liability under 42 U.S.C. § 1983

70. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 69 with the same force and effect as if more fully set forth at length herein.

71. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of defendant City of New York, which is forbidden by the Constitution of the United States.

72. The aforementioned customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department included, but were not limited to policies, customs and practices wherein New York City Police Officers arrest individuals without probable cause, create false versions of events to justify their actions, and strip search said individuals without probable cause or reasonable suspicion.

73. The aforementioned customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the moving force behind the violation of plaintiffs' constitutional rights as described herein. As a result of the failure of defendant City of New York and the New York City Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants,

defendant City of New York has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

74. The foregoing customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs as alleged herein.

75. The foregoing customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

76. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs were unlawfully arrested and prosecuted.

77. Defendants collectively and individually, while acting under color of state law were directly and actively involved in violating plaintiffs' constitutional rights.

## JURY DEMAND

78. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff Matthew Farrell shall recover compensatory damages in the sum of $2,000,000 against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

a. That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

   b.  That the plaintiff has such other and further relief as the Court shall deem just and proper.

Dated:  New York, New York
      September 8, 2011

                By:  *Ilissa Brownstein*
                   ILISSA BROWNSTEIN, ESQ.
                   Attorney for Plaintiff
                   22 Cortlandt Street, 16th Floor
                   New York, NY 10007
                   (516) 286-5442