UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

MATTHEW FARRELL,

                        Plaintiff,

    -against-

THE CITY OF NEW YORK, DETECTIVE IDRIS
MOJEED, DETECTIVE DOUGLAS CORSO, Shield
No. 4824, DETECTIVE CHARLES STEWART,
Shield No. 2387, DETECTIVE WIGGAN,
SERGEANT HEALY, and NEW YORK CITY
POLICE OFFICERS JOHN DOES #1-10 (names and
number of whom are unknown at present), and other
unidentified members of the New York City Police
Department,

                        Defendants.
---------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

11 Civ. 1140 (RJD) (MDG)

      **WHEREAS,** plaintiff commenced this action by filing a complaint on or about March 10, 2011, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

      **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

      **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

      **WHEREAS,** plaintiff has authorized his counsel to agree to the terms set forth below;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1.     The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2.     Defendant City of New York hereby agrees to pay plaintiff MATTHEW FARRELL the sum of THREE THOUSAND ($3,000.00) DOLLARS in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release the defendants, the City of New York, Officers Idris Mojeed, Douglas Corso, Charles Stewart, Wiggan and Healy, and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3.     Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the City of New York, Officers Mojeed, Corso, Stewart, Wiggan and Healy, regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, the City reserves the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject

matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       January 29, 2012

*signature*

Ilissa Brownstein, Esq.
Attorney for Plaintiff
22 Cortlandt Street, 16th Flor
New York, New York 10007

*signature*

Ilissa Brownstein, Esq.
*Attorney for Plaintiff*

By: *signature*

MICHAEL A. CARDOZO
Corporation Counsel of the
 City of New York
*Attorney for Defendants*
100 Church Street, Rm. 3-173A
New York, New York 10007
(212) 788-1090

Alexandra Corsi
*Assistant Corporation Counsel*

SO ORDERED:

s/ Judge Raymond J. Dearie

UNITED STATES DISTRICT JUDGE

Dated: New, New York
       3/6        , 2012

4